IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIUS ADAIR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-798 |
| | : | |
| PRICEWATERHOUSECOOPERS LLP, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                        **January 20, 2011**

Defendants The Vanguard Group, Inc. (Vanguard) and PricewaterhouseCoopers LLP (PwC) each ask this Court to dismiss pro se Plaintiff Darius Adair's Amended Complaint. Adair brings claims for violations of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522 (the Wiretap Act), and invasion of privacy against both Defendants. He also brings employment discrimination and negligence claims against PwC. For the reasons set forth below, the Court will grant PwC's Motion as to Counts II through VII and Count X of the Amended Complaint and will grant Vanguard's Motion in its entirety.

**FACTS**[1]

In January 2005, PwC hired Adair, a Certified Public Accountant (CPA), to work in its Philadelphia Investment Management and Real Estate Audit Group (IM/RE Group) and assigned him to work on matters for Vanguard, a client of PwC. Adair thereafter spent a majority of his time working on site at Vanguard. Although Adair performed most of his work at Vanguard in the "General Audit room," an open room shared by 20 to 30 individuals, Vanguard also made available

---

[1] When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true the well-pleaded factual allegations of the Amended Complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

to PwC a "closed-door, windowless meeting room" (the Vanguard meeting room), which PwC personnel used for audit-related conference calls and for personal calls requiring a hard-corded phone line. Am. Compl. ¶¶ 11-12.

In June 2005, Adair and a financial services company he owned before he was hired by PwC were sued in the Bucks County Court of Common Pleas. Between June 2005 and August 2006, when the lawsuit was adjourned, Adair had several telephone conversations with his attorneys in the Bucks County case while working on site at Vanguard. Adair conducted these telephone conversations in the Vanguard meeting room.

Adair alleges in October 2006, Paul Larsen, a PwC manager on the Vanguard account, "inappropriately inferred that recordings of [Adair's] conversations with [his] Attorney had been made." Am. Compl. ¶ 20. Also in October 2006, Thomas Leonard, Adair's assigned "relationship partner" at PwC, told Adair if Adair were ever sued then PwC would "start getting a bunch of letters from lawyers wanting to attach us [PwC] to you [Adair]." *Id.* ¶ 22. On November 30, 2006, Adair attended a meeting at which PwC senior manager Steven Doka "performed several deliberate actions which indicated that he, too, had heard specific information that would have only been available to Adair and [his attorneys]." *Id.* ¶ 24. In particular, Doka repeated verbatim statements made during private telephone calls Adair had with his attorneys in the Vanguard meeting room. Doka also stated he had a former career as a criminal investigator. Adair alleges the comments made by Larsen, Leonard, and Doka in October and November 2006 indicated Vanguard had recorded and disclosed to PwC Adair's telephone calls, and PwC had knowingly accepted the information from Vanguard and disclosed it to several lower-level managers. Based on these allegations, Adair brings claims

2

against PwC and Vanguard for violations of the Wiretap Act (Counts I-VI),[2] and invasion of privacy/intrusion upon seclusion (Count VII).

In addition to his claims arising out of the recording of his telephone conversations, Adair brings employment claims against PwC, including a negligence claim based on PwC's September 2008 decision to transfer Adair back to the IM/RE Group, which he had left in the spring of 2007 to take a position with another group in PwC's Philadelphia office. Prior to this September 2008 transfer, Adair had advised PwC personnel of his reluctance to return to the IM/RE Group because of: "(a) the hostile environment [he] had previously experienced within the IM/RE Group, (b) the lack of promotion opportunities for minorities, and (c) [his] declining health conditions, including his panic attacks." Pl.'s Mot. to Deny PwC's Mot. to Dismiss 7. Adair alleges PwC breached its duty of care as his employer by forcing him to return to the IM/RE Group, knowing the probability he would experience physical, mental, and emotional stress there, rather than permitting him to transfer to another office.

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In

---

[2] Count VI, captioned "Unlawful Violation of Attorney-Client Privilege," challenges the interception, disclosure, use, and investigation of Adair's telephone conversations as a violation of the Wiretap Act as well as Federal Rule of Evidence 502. Rule 502 concerns the circumstances in which the disclosure of communications or information protected by the attorney-client privilege or the work-product protection in federal and state proceedings will operate as a waiver of the privilege or protection. Because this case involves no such disclosures, the Rule is inapplicable, and Count VI will therefore be treated as alleging a violation of the Wiretap Act. *Cf. Madden v. Creative Servs., Inc.*, 646 N.E.2d 780 (N.Y. 1995) (declining to recognize a cause of action for a third party's intrusion on the attorney-client privilege and observing no other court has recognized such a claim).

evaluating such a motion, the district court should first separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1950). Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

PwC and Vanguard argue Adair's Wiretap Act and invasion of privacy claims are barred by the applicable statutes of limitations—two years for claims under the Wiretap Act and one year for invasion of privacy—because the Amended Complaint alleges Adair discovered his conversations had been recorded and disclosed to PwC personnel in the fall of 2006, more than three years before he filed the instant lawsuit in February 2010. PwC also argues Adair's negligence claim should be dismissed because Adair has failed to identify any duty PwC owed him. With respect to the timeliness of his Wiretap Act and invasion of privacy claims, Adair argues he could not have filed a complaint based on the "gossip" shared by Leonard, Larsen, and Doka in October and November 2006. Pl.'s Mot. to Deny PwC's Mot. to Dismiss 14. Adair further argues any delay in filing should be excused because he made efforts to raise his issues with PwC in October 2006 and to exhaust his administrative remedies with the EEOC after being placed on medical leave in November 2008. As to the sufficiency of his negligence claim, Adair does not directly respond to PwC's argument but instead focuses on the foreseeability he would suffer stress upon being forced back into the IM/RE

4

Group, arguing PwC is liable for his injuries under the "eggshell doctrine."[3]

When a defendant raises a statute of limitations defense on a motion to dismiss pursuant to Rule 12(b)(6), a court may grant the motion only if the defense "clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). Although the Wiretap Act provides a civil remedy for violations, an action under the statute "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). In Pennsylvania, the statute of limitations for an invasion of privacy claim is one year. 42 Pa. Cons. Stat. § 5523(1). Under the discovery rule, this one-year limitations period does not begin to run until the plaintiff has discovered, or through the exercise of reasonable diligence should have discovered, his injury. *See Care v. Reading Hosp. & Med. Ctr.*, No. 03-4121, 2004 WL 728532, at *4-8 (E.D. Pa. Mar. 31, 2004) (predicting the Pennsylvania Supreme Court would apply the discovery rule to toll the statute of limitations for an invasion of privacy claim).

Adair's Wiretap Act and invasion of privacy claims challenge Vanguard's recording of his private telephone conversations with his attorney and the disclosure, acceptance, and use of the contents of such conversations to or by PwC. These claims are based entirely on comments made by Larsen, Leonard, and Doka in October and November 2006. The Amended Complaint alleges these comments "indicated that (a) Vanguard had recorded information of or about Adair, (b) the recorded phone calls had been disclosed by Vanguard to PwC, ([c]) PwC knowingly accepted said information from Vanguard, and ([d]) PwC further knowingly disclosed said information to several

---

[3] Under the eggshell plaintiff doctrine, the defendant tortfeasor takes the plaintiff as he is. *Hare v. H & R Indus., Inc.*, No. 00-4533, 2002 WL 777956, at *2 (E.D. Pa. Apr. 29, 2002), *aff'd*, 67 F. App'x 114 (3d Cir. 2003).

lower-level Managers." Am. Compl. ¶ 26. At oral argument, Adair confirmed it was Doka's November 2006 verbatim repetition of comments made during Adair's private phone calls with his attorney which caused Adair to believe his calls were being recorded. Although Adair characterizes these comments as "gossip" in his opposition, he has identified no further circumstances which led him to believe his conversations had been recorded, disclosed, or used. Moreover, while Adair suggests his delay in filing this action was caused by his efforts to exhaust administrative remedies, exhaustion is not required for a claim under the Wiretap Act or for an invasion of privacy claim. *See* 18 U.S.C. § 2520(e); *see Mieczkowski v. York City Sch. Dist.*, No. 07-1102, 2007 WL 4224382, at *3 (M.D. Pa. Nov. 28, 2007) (holding a plaintiff's "failure to exhaust her administrative remedies under Title VII has no effect on her civil rights and tort law claims"). Because it is clear from the face of the Amended Complaint Adair discovered his telephone conversations had been recorded and disclosed to and by PwC no later than November 30, 2006, but did not file this lawsuit until February 2010, Adair's Wiretap Act and invasion of privacy claims are time-barred and will be dismissed.

With respect to Adair's negligence claim, "[t]he primary element in any [such] cause of action is that the defendant owes a duty of care to the plaintiff." *Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1168 (Pa. 2000). Although Pennsylvania law recognizes a negligence-based claim against an employer in some circumstances,[4] Pennsylvania courts have declined to recognize an employer's duty of care to protect employees from emotional distress. *Denton v. Silver Stream Nursing & Rehab. Ctr.*, 739 A.2d 571, 578 (Pa. Super. Ct. 1999). As noted, Adair's negligence claim is based primarily on the foreseeability of the physical, mental, and emotional stress he

---

[4] For example, Pennsylvania law recognizes a claim against an employer for negligent supervision of an employee. *Lerew v. AT & T, Inc.*, No. 07-1456, 2008 WL 80055, at *2 n.2 (M.D. Pa. Jan. 7, 2008).

6

suffered upon his return to the IM/RE Group.[5] Because PwC had no duty to protect Adair from such stress under Pennsylvania law, Adair's negligence claim will also be dismissed.

An appropriate order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[5] Adair also refers to PwC's unlawful wiretapping activity and discrimination as part of his negligence claim. Am. Compl. ¶ 147. To the extent Adair seeks to base his negligence claim on the same conduct underlying his Wiretap Act claims, however, the claim is barred by the two-year statute of limitations applicable to negligence actions. *See* 42 Pa. Cons. Stat. § 5524(2) (specifying a two-year statute of limitations applies to actions "to recover damages for injuries to the person . . . caused by the . . . negligence of another"). Similarly, to the extent Adair alleges PwC acted negligently by discriminating against him based on his race, the claim is preempted by the Pennsylvania Human Relations Act (PHRA), which provides the exclusive remedy for race-based employment discrimination. *See Hurst v. PNC Bank*, No. 02-6733, 2004 WL 999759, at *6 (E.D. Pa. May 5, 2004) (holding the PHRA "preempts any common law causes of action based on an employer's alleged discrimination, including . . . claims for negligence").